**Richard D. ROGERS, Jr., Plaintiff,**

**v.**

**Glenn L. BERGER, in his individual capacity and in his official capacity as Special Prosecutor for Patrick County, Virginia, Defendant.**

**Civ. A. No. 87–0025–D.**

United States District Court,
W.D. of Virginia,
Danville Division.

March 21, 1988.

David B. Worthy, Stone & Worthy, Martinsville, Va., for plaintiff.

W. Carrington Thompson, Clement & Wheatly, Danville, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

The complaint before the court alleges an unconstitutional deprivation, and seeks relief under 42 U.S.C. § 1983 (1982). Jurisdiction is conferred on the court pursuant to 28 U.S.C. § 1331 (1982). The defendant has filed a motion for summary judgment on the complaint, and the plaintiff has filed a motion to dismiss the defendant's counterclaim founded in state law. There being no substantial questions of material fact in issue, the court finds the case ripe for summary judgment and will grant both motions.

The facts are not in dispute. The plaintiff, Richard Rogers, is an attorney practicing law in Patrick County, Virginia. The defendant, Glenn Berger, is a special prosecutor who was appointed by the Circuit Court of Patrick County to investigate charges of bribery and other wrongdoing in connection with the closing of State Road 631 in Patrick County. Berger presented to the grand jury an indictment that named, but did not indict, Rogers as a co-conspirator. The grand jury returned the indictment, "a true bill", and the indictment became a part of the public record.

Plaintiff contends that the state has illegally deprived him of a constitutionally protected liberty or property interest without the due process of law mandated by the fourteenth amendment. Specifically, he contends that the state has harmed his good name and reputation, and that this has adversely affected his ability both to keep his present clients and to attract new clients. He argues that by inhibiting his employment opportunities, the state has worked an unconstitutional deprivation.

The defendant argues first that the plaintiff has failed to allege the deprivation of a constitutionally protected interest, second, that the suit is barred by the eleventh amendment, and third, that the defendant is entitled to absolute immunity.

The court agrees that the plaintiff has failed to allege the deprivation of a constitutionally protected interest. Accordingly, the court need not consider defendant's remaining claims.

The Supreme Court, in *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), considered the case of an innocent person whose name and picture were distributed by the police to local merchants under the heading: "active shoplifter". *Id.* at 697, 96 S.Ct. at 1159. The Court affirmed the lower court's dismissal of the action, holding that a claim based on an injury to reputation alone does not allege the deprivation of a constitutionally protected interest necessary to maintain a § 1983 action. *Id.* at 711–12, 96 S.Ct. at 1165.

In announcing its decision, the Court explained that an earlier decision, *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971)[1] provides for some type of due process hearing only when an individual is deprived of a right previously held under state law, such as the right to purchase alcoholic beverages. *Constantineau* does not require a hearing any time "a government official defames a person, without more." *Paul v. Davis*, 424 U.S. at 708, 96 S.Ct. at 1164.

The *Davis* Court, in defining the "liberty" or "property" interests protected by the due process clause, stated that "[t]hese interests attain their constitutional status by virtue of the fact that they have initially been recognized and protected by state law ...." *Id.* at 710, 96 S.Ct. at 1165 (footnote

---

1. In that case the Court held that the practice of "posting", that is, prohibiting the sale of alcoholic beverages to persons because of their "excessive drinking", required a due process hearing. *Id.*

omitted).[2] The Court considered the interest Davis had in his reputation, and determined that as his good reputation was not a "right vouchsafed to him by the state," *id.* at 712, 96 S.Ct. at 1166,[3] it could not be a "liberty" or "property" interest under the fourteenth amendment. *Id.* at 711, 96 S.Ct. at 1165. Accordingly, Davis's interest in his reputation was not protected by the fourteenth amendment's due process clause. *Id.* at 712, 96 S.Ct. at 1165.

The *Davis* case controls the case at bar. To state a constitutional claim, Rogers must have suffered more than an injury to his reputation. He must also show that his rights or status under the law have been altered. While the plaintiff asserts that the loss of present and future clients is sufficient to distinguish his case from *Paul v. Davis*, this court does not agree. Plaintiff enjoys no right recognized under state law entitling him to the patronage of those clients. His legal right to practice law and his status as an attorney have not been altered. Thus, Rogers's claim does not rise above the defamation action rejected by the Court in *Paul v. Davis*.

The United States Court of Appeals for the Seventh Circuit recently decided a case directly on point. In *Goulding v. Feinglass*, 811 F.2d 1099 (7th Cir.1987), an attorney brought an action claiming the United States had deprived him of his property and liberty interests in practicing his profession. The court found the attorney had failed to state a constitutionally cognizable claim because all he could show was injury to his reputation. The attorney had not lost his license to practice law, although he claimed he was losing present and future clients as a result of the government's actions. The court determined that while the plaintiff may be less attractive to future clients, the government had not in any way altered his right to practice law, or his legal status as an attorney. Accordingly, the court held that the government had not deprived the plaintiff of a liberty or property interest within the meaning of the fifth amendment.

This court adopts the reasoning of the *Goulding* court and extends the result to state action. Because the plaintiff has failed to show that the state has altered any of his rights or his legal status, his claim fails to allege the illegal deprivation of a constitutionally protected interest necessary to maintain a § 1983 action. The complaint, therefore, fails to state a cause of action under federal law and is hereby dismissed.

■ The defendant in this case has filed a counterclaim grounded in state law. The first count alleges civil malicious prosecution, and the second is brought pursuant to Va.Code Ann. § 18.2–500 (1982). Because this court lacks subject matter jurisdiction over the complaint, the court in its discretion declines to exercise pendent jurisdiction over the state claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The counterclaim is hereby dismissed without prejudice.

---

**2.** As examples, the Court cited *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) (the state cannot revoke a driver's license without due process) and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (parole cannot be revoked without due process). *Paul v. Davis*, 424 U.S. at 711, 96 S.Ct. at 1165.

**3.** While Kentucky tort law may have afforded the plaintiff an avenue for redress, state law did not guarantee Davis a right to the continued enjoyment of a good name. *Id.*